# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-50128
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Juan De Dios Saucedo-Delgado,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-256-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Juan De Dios Saucedo-Delgado challenges the sufficiency of the factual basis for his guilty plea to possession of a firearm after a felony conviction. He argues that the district court plainly erred by accepting his plea in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50128

record does not establish that, at the time he possessed the firearm, he knew that his prior conviction was for a felony.

Because Saucedo-Delgado did not challenge the validity of his guilty plea in the district court, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To prevail under the plain error standard, a defendant must show, among other things, an error that is clear or obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

In order for a court to find a defendant guilty of a felon-in-possession offense under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2),[1] his admissions must establish that he was previously convicted of a felony, that he knowingly possessed a firearm while knowing of his felon status, and that the firearm had traveled in or affected interstate commerce. *Rehaif*, 139 S. Ct. at 2200; *United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012). Saucedo-Delgado argues that his admission that he was previously convicted of drug trafficking conspiracy does not establish his knowledge of his felon status because he was only sentenced to nine months in prison in that case.

However, we take judicial notice of the records of the prior proceeding, which demonstrate that Saucedo-Delgado was informed that he was pleading guilty to a felony, and which show that he was twice admonished that his drug trafficking conspiracy offense was punishable by up to 20 years in prison. *See United States v. Huntsberry*, 956 F.3d 270, 284 (5th Cir. 2020); *see also* Fed. R. Evid. 201(b). Further, Saucedo-Delgado admitted during the plea colloquy in this case that he possessed the firearm at issue "knowing he had previously been convicted of a crime punishable by imprisonment for

---

[1] This part of the statute has since been amended and recodified at § 924(a)(8).

No. 21-50128

a term exceeding one year." His solemn declarations in open court carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

AFFIRMED.